IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW D. HAGINS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-494-RGA |
| WARDEN DAVID PIERCE, et al., | : | |
| Defendants. | : | |

Matthew D. Hagins, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware; Counsel for Defendants.

**MEMORANDUM OPINION**

July 24, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew D. Hagins, an inmate at the James T. Vaughn Correctional Center, in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed in *forma pauperis*. Defendants Warden David Pierce, Deputy Warden Phil Parker, Timothy Radcliffe, and Lt. Brian Reynolds move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 12). Moving Defendants also seek dismissal for failure to prosecute. (D.I. 15). Briefing on the matters is complete.

The Complaint alleges that Plaintiff was subjected to excessive force in February 2017. On October 27, 2017, moving Defendants, all supervisory officials, filed a motion to dismiss for lack of personal involvement. (D.I. 12). Plaintiff's sole allegation against moving Defendants is, "I have named high ranking officials as Defendants because they knew what was going on and did nothing absolutely nothing to protect me!" (D.I. 3 at ¶ 19).

On November 16, 2017, the Court entered an order for Plaintiff to file an answering brief on or before December 7, 2017. (D.I. 14). He did not. As a result, on March 12, 2018, moving Defendants filed a letter/motion and asked the Court to grant their motion to dismiss as unopposed or for failure to prosecute pursuant to D. Del. LR 41.1. (D.I. 15). Plaintiff did not respond to the letter/motion.

Plaintiff commenced this action on May 1, 2017. (D.I. 1). The last act taken by Plaintiff in this matter occurred on August 9, 2017, when he requested the Clerk of Court to issue summons for Defendant Jayme Jones. (D.I. 9). Plaintiff did not file a

response to moving Defendants' October 27, 2017 motion to dismiss (D.I. 12), and he did not file a response to moving Defendants' March 12, 2017 letter/motion to dismiss for failure to prosecute (D.I. 15).

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's claims against moving Defendants Pierce, Parker, Radcliffe, and Reynolds. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, moving Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to take any action delays Defendant's ability to conduct discovery and/or to develop trial strategy.

As to the third factor, there is a history of dilatoriness given that Plaintiff failed to respond to the Rule 12(b)(6) motion to dismiss or the letter/motion to dismiss for failure to prosecute. As to the fourth factor, because Plaintiff has taken no action in close to a year, the Court is unable to discern whether his failure to prosecute is willful or in bad faith, but notes that Plaintiff failed to respond to the motion to dismiss and letter/motion to dismiss for failure to prosecute and appears to have abandoned his case. Plaintiff did not respond to the Court's order of November 16, 2017, directing that he respond to the motion to dismiss. (D.I. 14). As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Plaintiff proceeds *in forma pauperis*. Hence, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, as currently pled, the Complaint fails to state claims upon which relief may granted against moving Defendants.[1]

---

[1] It is clear that moving Defendants were sued based upon their supervisory positions. However, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action

3

Given Plaintiff's failure to take any action in this case since August 2017, and his failure to respond to moving Defendants' dispositive motions, the Court finds that the *Poulis* factors weigh in favor of dismissal.

For the above reasons, the Court will grant moving Defendant's letter/motion to dismiss for failure to prosecute and dismiss as moot the Rule 12(b)(6) motion to dismiss. (D.I. 12, 15). In addition, Plaintiff will be ordered to show cause why the case should not be dismissed for failure to prosecute against remaining Defendants Officer J. Kuhner, Officer L. Coverdale, and Lt. Larry Savage, all of whom have answered the Complaint. (*See* D.I. 13).

An appropriate Order follows.

---

"cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).